IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| A.W., a Minor, by and through her mother and next friend, HEATHER TURNER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 22-cv-2714-DWD |
| GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC, d/b/a GATEWAY REGIONAL MEDICAL CENTER, and UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

This matter is before the Court on two motions: Plaintiff Heather Turner's Motion for Default Judgment filed on October 25, 2023 (Doc. 32), and Defendant Granite City Illinois Hospital Company, LLC's Motion for Leave to File Answer filed on October 30, 2023 (Doc. 36). Defendant filed a response in opposition to Plaintiff's Motion for Default (Doc. 34). Plaintiff did not file a response to Defendant's Motion for Leave, and the time for doing so has now passed. *See* SDIL-LR 7.1. Local Rule 7.1(c) permits the Court to construe this failure to response as an "admission of the merits of the motion" for leave. *Id.* Here, the Court finds it appropriate to construe Plaintiff's failure to respond to Defendant's Motion for Leave as an admission of the merits of the Motion. Considering this admission, and for the reasons further detailed below, Plaintiff's Motion will be denied, and Defendant's Motion will be granted.

1

**Discussion**

In this matter, Plaintiff Heather Turner, on behalf of her minor child, A.W., asserts claims for medical negligence related to the events surrounding A.W.'s birth in July 2016 at Gateway Regional Medical Center (Doc. 7). On November 21, 2022, Plaintiff filed her Complaint against Defendants Granite City Illinois Hospital Company, LLC d/b/a Gateway Regional Medical Center and the United States of America (Doc. 1).[1] On September 20, 2023, the Court granted the United States' Motion for Summary Judgment (Doc. 31), leaving only Plaintiff's claims against Defendant Granite City Illinois Hospital Company, LLC d/b/a Gateway Regional Medical Center (hereinafter "Defendant" or "GRMC"). Defendant GRMC entered its appearance on December 14, 2022 (Doc. 8). However, Defendant did not file its Answer to Plaintiff's Complaint until October 26, 2023 (Doc. 33).

On October 25, 2023, Plaintiff filed her Motion for Default Judgment (Doc. 32). Defendant opposes the Motion (Doc. 34). Defendant further asks for leave to file its Answer pursuant to Fed. R. Civ. P. 6(b) (Doc. 36). Preliminarily, the Court must **DENY** Plaintiff's Motion for Default Judgment (Doc. 32) as premature in light of the fact that an entry of default has not been entered pursuant to Fed. R. Civ. P. 55(a). Fed. R. Civ. P. 55 outlines the two stages in a default proceeding: the establishment of the default under Rule 55(a) (entry of default), and the actual entry of a default judgment under Rule 55(b)

---

[1] Plaintiff filed a duplicate version of her Complaint on December 1, 2022, at Doc. 7. The first filing omitted a case filing sheet, but all other portions of the Complains are identical.

2

(default judgment). *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

Each stage of this two-step process serves a separate purpose. At step one, the entry of default establishes the liability of the defaulting party as the basis for default judgment, and prevents the defaulting party from contesting the fact of its liability unless the entry of default is vacated under Fed. R. Civ. P. 55(c). *Id.* (internal citations omitted). Whereas the entry of default judgment at step two determines the rights of the party. *Id.*; *see also Morris v. Baldwin*, No. 17-CV-0456-DRH, 2018 WL 4140880 (S.D. Ill. Aug. 30, 2018), at * 2 (After the entry of default, "the Court still must determine the appropriate amount of damages, which must be pleaded and proved by the plaintiff in a motion for default judgment."). Here, Plaintiff's Motion for Default Judgment requests either the entry of a "certificate of default" or default judgment, but does not clearly indicate whether she is proceeding under Fed. R. Civ. P. 55(a) or Fed. R. Civ. P. 55(b). Nevertheless, the Clerk of Court has not yet entered an entry of default under Rule 55(a). Accordingly, default judgment is not yet appropriate.

Alternatively, even if default had been entered, Defendant's Response (Doc. 34) and Motion for Leave (Doc. 36) provide "good cause" for the court to set aside an entry of default under Fed. R. Civ. P. 55(c) ("the court may set aside an entry of default for good cause."). The standard for "good cause" under Rule 55(c) is lenient, particularly where, as here, the Clerk has not entered default, and default has not yet been finalized. *See e.g., JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 791-792 (7th Cir. 2015); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (The Rule 55(c) standard is more lenient due to

3

the "policy of favoring trial on the merits over default judgment."). To prevail on a Fed. R. Civ. P. 55(c) motion, the movant "must show: (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco*, 559 F.3d at 630–631 (internal quotation and citation omitted).

Good cause does not require a party to provide a good excuse so long as setting aside a default does not cause prejudice to the opposing party. *See JMB Mfg., Inc.*, 799 F.3d at 792; *see also Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (noting the standard for good cause is less stringent than seeking relief from final judgment under Rule 60(b), which requires showing mistake, inadvertence, or excusable neglect). Likewise, to establish a meritorious defense, a party does not need to make a definitive showing that the defense will prevail, though more than bare legal conclusions must be provided. *See Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 561–562 (7th Cir. 2017).

Here, Defendant took quick corrective action in response to Plaintiff's Motion for Default Judgment. Plaintiff's Motion was filed on October 25, 2023 (Doc. 32), and Defendant filed its Answer and Response in Opposition to Default Judgment the next day, on October 26, 2023 (Docs. 33, 34). Defendant also demonstrates good cause for the default. Defendant entered its appearance in this matter promptly (Doc. 8), and further filed its corporate disclosure statement (Doc. 14). However, Defendant represents that its counsel mistakenly believed the Court's January 30, 2023 Order staying the discovery in this matter also applied to stay its pending deadlines, thus wrongfully assuming that the litigation of Plaintiff's claims against Defendant were stayed until after the disposition of

the United States' Motion for Summary Judgment (Docs. 34, 36). Defendant also states that its Counsel's understanding of the case was further muddled in early January 2023 because Defendant was in the process of being sold to a new owner (Doc. 36). Finally, Defendant emphasizes that upon learning of this mistake, Defendant promptly took corrective action by filing its Answer the next day (Doc. 36). The Court accepts Defendant's representation of its confusion, and finds this confusion akin to mistake or excusable neglect, and thus sufficient for establishing good cause.

Defendant further claims to have a meritorious defense to Plaintiff's complaint, arguing, among other defenses, that this Court lacks subject matter jurisdiction over Plaintiff's remaining claims and that Plaintiff's claims are time-barred (Doc. 33).[2] Thus, even if an entry of default had been entered, the Court **FINDS** that the facts and circumstances here would be sufficient to set aside a default under Fed. R. Civ. P. 55(c) and permit Defendant to file its answer.

Similarly, and considering this finding, the Court also **FINDS** that Defendant has shown excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) such that the Defendant's Motion for Leave to File Answer (Doc. 36) will be granted. Rule 6(b) permits the Court to extend the time for "[w]hen an act may or must be done" after the time has expired if the party failing to act shows "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). District courts "enjoy wide latitude" when determining whether a litigant has shown excusable neglect. *Jones v. Bayler*, No. 22-1296, 2023 WL 3646069, at *2 (7th Cir. May 25, 2023), *cert. denied*, No. 23-

---

[2] On November 14, 2023, Defendant field a Motion to Dismiss or Motion for Summary Judgment (Doc. 37). This Motion is not yet ripe for review.

5704, 2023 WL 7287207 (U.S. Nov. 6, 2023). In finding "excusable neglect," courts "consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020).

Here, while Defendant's delay in filing its answer was long, Defendant's proffered reasons for the delay, and the lack of prejudice to Plaintiff excuses this lateness. In addition to the facts described above, namely Counsel's confusion as to the Court's Order staying discovery, Defendant also contends that Plaintiff was aware of its intention to deny all allegations in Plaintiff's Complaint because of Defendant's answer filed in Plaintiff's prior litigation. Specifically, and as is further detailed in the record, Plaintiff initially filed this case in Madison County, Illinois on September 2, 2020 (Doc. 31). The case was removed to federal court in SDIL Case No. 20-CV-01302-GCS, but then voluntarily dismissed so Plaintiff could complete the Federal Tort Claims Act's administrative process (Doc. 31). Plaintiff then refiled her case in this matter on November 21, 2022 (Doc. 1). Defendant represents that it previously denied all allegations in Plaintiff's Complaint when Plaintiff first initiated her suit in 2020 in Madison County, Illinois before the case was originally removed to this Court (Doc. 36-1). Accordingly, Defendant suggests that Plaintiff should not be surprised from its delayed answer denying Plaintiff's allegations.

Defendant also argues that Plaintiff will suffer no prejudice from its delayed answer because of the previously imposed stay of discovery in this matter and the recent disposition of the United States' Motion for Summary Judgment. The Court agrees that

6

the facts and circumstances here show excusable neglect, and therefore **GRANTS** Defendant's Motion for Leave (Doc. 36).

## Conclusion

For these reasons, Plaintiff's Motion for Default Judgment (Doc. 32) is **DENIED**, and Defendant GCHC's Motion for Leave to File Answer (Doc. 36) is **GRANTED.** Defendant's Answer at Doc. 33 is deemed timely filed. Further, the previously imposed stay of discovery at Doc. 23 is **LIFTED**. By **November 21, 2023**, the parties are **DIRECTED** to submit an amended Joint Report of the Parties via email to DWDpd@ilsd.uscourts.gov.

**SO ORDERED.**

Dated**:** November 15, 2023

DAVID W. DUGAN
United States District Judge